UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASPIRE CHANNEL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-0707 (ABJ) |
| PENNGOOD, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Aspire Channel, LLC brings this action against defendant Penngood, LLC, for breach of contract and unjust enrichment. Compl. [Dkt. # 1]. Specifically, plaintiff alleges that it entered into a written agreement to provide defendant with advertising spots on plaintiff's video programming service, and that while plaintiff aired the advertisements as agreed, defendant paid only $62,241.25 of the $499,800.00 required under the contract. *Id.* ¶¶ 5–8. Plaintiff seeks a judgment against defendant in the amount of $437,558.75, plus prejudgment interest and attorneys' fees and costs, *id.*, Prayer for Relief at 3, and it has moved for summary judgment. Pl.'s Mot. for Summ. J. [Dkt. # 9] ("Pl.'s Mot."); Mem. in Supp. of Pl.'s Mot. [Dkt. # 9-1] ("Pl.'s Mem."). Because the Court finds that defendant has failed to show that a genuine dispute of material fact exists regarding plaintiff's entitlement to the outstanding balance due on the contract or to prejudgment interest, the Court will grant plaintiff's motion in its entirety.

## BACKGROUND

Plaintiff is a limited liability company organized under Delaware law with its principal place of business in Atlanta, Georgia. Compl. ¶ 2. It owns the ASPiRE video programming service, which is distributed nationally by multichannel video programming distributors, including

cable operators. Statement of Undisputed Material Facts in Supp. of Pl.'s Mot. [Dkt. # 9-2] ("Pl.'s SOF") ¶ 1.[1] Plaintiff sells advertising spots on its programming service to third parties. *Id.*

On or about September 19, 2014, plaintiff entered into a written agreement with defendant (the "broadcast agreement"), in which plaintiff agreed to air 1,449 advertising spots on behalf of the United States Army, in return for the payment of $499,800.00 by defendant. *Id.* ¶¶ 2–3. Plaintiff aired the 1,449 advertising spots during the fourth quarter of 2014, and it issued three invoices to defendant in October, November, and December of 2014 for the amount due. *Id.* ¶¶ 4–5. In November and December of 2014 and in February of 2015, defendant received payments from Universal McCann Worldwide, Inc., the entity that arranged the advertising buy. *Id.* ¶ 8. However, defendant paid plaintiff only $62,241.25, and it has failed to pay the remaining balance of $437,558.75 due under the broadcast agreement. *Id.* ¶ 6–7.

Plaintiff initiated this action on May 8, 2015, Compl., and it moved for summary judgment on July 13, 2015. Pl.'s Mot. Defendant opposed the motion, Def.'s Opp. to Pl.'s Mot. [Dkt. # 13] ("Def.'s Opp."), and in light of the issues raised in the opposition regarding the Court's jurisdiction, the Court ordered plaintiff to show cause why this Court has subject matter jurisdiction over the dispute. Min. Order (Aug. 4, 2015). Plaintiff responded on August 14, 2015. Pl.'s Resp. Establishing the Ct.'s Jurisdiction [Dkt. # 14] ("Pl.'s Resp."). Thereafter, the Court ordered that plaintiff's reply in support of its motion for summary judgment, and defendant's

---

1   With its motion for summary judgment, plaintiff filed its statement of undisputed material facts. Pl.'s SOF. In opposing plaintiff's motion, defendant did not file "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated," as required by Local Civil Rule 7(h)(1). Thus, because defendant has failed to controvert any of the facts stated by plaintiff, the Court will deem those facts to be admitted. LCvR 7(h)(1) ("[T]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

response to plaintiff's pleading on the jurisdictional issue, if any, would be due on August 25, 2015. Min. Order (Aug. 17, 2015). Plaintiff filed a reply, Pl.'s Reply Mem. in Supp. of Pl.'s Mot. [Dkt # 16] ("Pl.'s Reply"), but defendant did not file any further pleadings.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *see also Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

In opposing plaintiff's motion, defendant raises three issues. First, it questions whether the Court may properly exercise jurisdiction over this case, in light of D.C. Code § 29-105.02(b).

Def.'s Opp. at 2–6. Second, it asks that the motion for summary judgment be held in abeyance so that defendant may take additional discovery pursuant to Rule 56(d) on the question of whether plaintiff does business in the District of Columbia. *Id.* at 6. And finally, it asserts that plaintiff is not entitled to prejudgment interest because it has failed to satisfy the conditions necessary for such an award. *Id.* at 7–9. The Court finds that none of these points prevents it from ruling on plaintiff's motion, and that the motion should be granted.

I.   **The Court may properly exercise jurisdiction over this dispute.**

Defendant first contends that a genuine dispute of material fact exists over whether plaintiff does business in the District of Columbia, which could affect this Court's jurisdiction over this dispute under D.C. Code § 29-105.02(b), the District's so-called door-closing statute. Def.'s Opp. at 2–6. That statute provides:

> A foreign filing entity or foreign limited liability partnership doing business in the District may not maintain an action or proceeding in the District unless it is registered to do business in the District.

D.C. Code § 29-105.02(b).

Defendant argues that plaintiff was not registered to do business in the District at the time the complaint was filed, Def.'s Opp. at 3, and that a factual dispute exists as to whether plaintiff actually does business in the District. *Id.* at 3–6. If plaintiff was conducting business in the District, as that term is defined by the statute, without being registered to do so, it would not be authorized to maintain the present action. *See, e.g., Landmark Health Sols., LLC v. Not For Profit Hosp. Corp.*, 950 F. Supp. 2d 130, 133–35 (D.D.C. 2013). So defendant asks the Court to hold the motion in abeyance and permit it to conduct discovery as to whether plaintiff does business in the District. Def.'s Opp. at 6.

The Court finds that the door-closing statute does not deprive it of subject matter jurisdiction in this case, and that further discovery is not necessary. The D.C. Code does not define the term "doing business" itself, but it does specifically list "[d]oing business in interstate commerce" as an activity "not constituting doing business." D.C. Code § 29-105.05(a)(10) ("[A] foreign filing entity or foreign limited liability partnership shall not be considered to be doing business in the District under this title solely by reason of . . . [d]oing business in interstate commerce."). And the undisputed facts show that plaintiff is engaged in interstate commerce and is therefore exempt from the door-closing statute.

Plaintiff's statement of undisputed material facts – which defendant did not in any way controvert or even respond to[2] – makes clear that plaintiff's video programming service "is distributed by multichannel video programming distributors . . . to viewers throughout the country." Pl.'s SOF ¶ 1; *see also* Decl. of Melissa Ingram in Supp. of Pl.'s Resp. [Dkt. # 14-1] ¶¶ 4–5 ("ASPiRE is a nationwide television service that presently is distributed to over 20 million homes . . . . throughout the United States.").[3] As the Supreme Court made clear decades ago, the nationwide distribution of advertising programs constitutes interstate commerce. *See Fisher's Blend Station v. Tax Comm'n of Wash.*, 297 U.S. 650, 654 (1936) ("Appellant is . . . engaged in

---

2    For this reason, defendant's request for jurisdictional discovery pursuant to Rule 56(d) will be denied. Defendant has failed to respond to or otherwise contradict plaintiff's evidence showing that it does business in interstate commerce, and as a result, the Court finds that the door-closing statute does not bar plaintiff from bringing this action. Thus, the question of whether plaintiff does business in the District is irrelevant, and no jurisdictional discovery is warranted.

3    In resolving the question of its subject matter jurisdiction, the Court may properly consider the declaration provided by plaintiff in response to defendant's jurisdictional argument. *See, e.g., Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) ("[A] court may consider . . . materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case."), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

the business of transmitting advertising programs from its stations in Washington to those persons in other states who 'listen in' through the use of receiving sets. In all essentials its procedure does not differ from that employed in sending telegraph or telephone messages across state lines, which is interstate commerce."); *see also id.* at 655 ("[T]he transmission of information interstate is a form of 'intercourse,' which is commerce."), citing *Gibbons v. Ogden*, 22 U.S. 1, 189 (1824).[4]

Thus, because plaintiff's programming service qualifies as interstate commerce, and because the D.C. Code specifically exempts interstate commerce from the definition of "doing business" that is the foundation for the door-closing statute, the Court finds that D.C. Code § 29-105.02 does not bar plaintiff from initiating the present action and does not deprive the Court of subject matter jurisdiction over the case.

## II. Plaintiff is entitled to summary judgment on its breach of contract and unjust enrichment claims.

In Count I, plaintiff alleges that defendant breached the broadcast agreement when it failed to pay plaintiff the total amount due for the advertising placements. Compl. ¶¶ 5–8. And in Count II, plaintiff claims that defendant was unjustly enriched when it received payments from Universal McCann for the advertising spots, but failed to forward those payments to plaintiff. *Id.* ¶¶ 10–11;

---

4   The case upon which defendant primarily relies, *WSAZ, Inc. v. Lyons*, 254 F.2d 242 (6th Cir. 1958), is inapposite. That case dealt with the definition of doing business insofar as it provided a basis for service of process and the exercise of personal jurisdiction over the defendant. *WSAZ*, 254 F.2d at 243 (stating that question presented was "whether the particular tort complained of by plaintiffs, a libel, was so connected with doing business by defendant within Kentucky that service may be had upon and jurisdiction secured over defendant"). The relevant D.C. Code provision distinguishes its application from the questions of minimum contacts sufficient to support service of process and personal jurisdiction. D.C. Code § 29-105.05(b) ("This section shall not apply in determining the contacts or activities that may subject a foreign filing entity or foreign limited liability partnership to service of process, taxation, or regulation under law of the District other than this title."). And in any event, to the extent that the *WSAZ* decision is relevant, it tends to confirm that plaintiff is engaged in interstate commerce. *See* 254 F.2d at 244 ("[T]elevision and radio broadcasts are interstate commerce."), citing *Fisher's Blend*, 297 U.S. 650.

Pl.'s SOF ¶ 8. The Court finds that there is no genuine dispute of material fact on either count, and that plaintiff is therefore entitled to summary judgment.

"To prevail on a claim of breach of contract" under District of Columbia law,[5] "a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Brown v. Sessoms*, 774 F.3d 1016, 1024 (D.C. Cir. 2014), quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Plaintiff has shown that a valid contract existed between it and defendant in the form of the broadcast agreement, Pl.'s SOF ¶ 2, that defendant had a duty to pay plaintiff $499,800.00 upon plaintiff's performance of the broadcast agreement, *id.* ¶ 3, that defendant breached that duty by failing to pay, despite plaintiff's complete performance, *id.* ¶¶ 4–7, and that plaintiff has sustained damages as a result of that breach, in the form of being denied compensation for its services. *Id.* ¶ 6–7. Defendant has failed to controvert or otherwise oppose plaintiff's statement of undisputed material facts[6] – indeed, it only opposed the motion for summary judgment on the

---

5   Under the District of Columbia's choice-of-law rules, which this Court must follow when exercising diversity jurisdiction, the Court considers "the governmental policies underlying the applicable laws and determines which jurisdiction's policy would be most advanced by the application of its law to the facts of the case, taking into consideration (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship is centered." *Radosti v. Envision EMI, LLC*, 717 F. Supp. 2d 37, 59 (D.D.C. 2010), citing *Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 180 (D.C. 2006). The Court finds that application of these factors direct it to apply District of Columbia law to this case: defendant is a District of Columbia entity with its principal place of business in the District, Compl. ¶ 3, Def.'s Answer & Affirmative Defenses to Compl. [Dkt. # 5] ¶ 3, and therefore, defendant's conduct that caused plaintiff's injury took place in the District.

6   In fact, it affirmatively admitted several of plaintiff's claims in its opposition. *See* Def.'s Opp. at 3 ("In late 2014, Aspire entered in to [sic] a contract with Penngood, a D.C. limited liability company."); *id.* at 4 ("Under its contract with Penngood, Aspire agreed to air 1,444 U.S. Army ads to promote the U.S. Army to African-American viewers, including those in the District. These ads aired in the District for three months.") (footnotes omitted).

grounds that plaintiff was not authorized to bring this action in the District and that it was not entitled to prejudgment interest. *See* Def.'s Opp. Thus, the Court finds that defendant has conceded that there is no genuine dispute of material fact regarding plaintiff's breach of contract claim, *see* LCvR 7(h)(1) ("[T]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."), and that plaintiff is entitled to summary judgment on Count I.

Plaintiff is also entitled to summary judgment on Count II. A party asserting an unjust enrichment claim must demonstrate that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005), citing *4934, Inc. v. D.C. Dep't of Emp't Servs.*, 605 A.2d 50, 55 (D.C. 1992). Plaintiff has shown that it conferred a benefit on defendant by airing the 1,449 advertising spots for the Army pursuant to the broadcast agreement, Pl.'s SOF ¶¶ 3–4, that defendant received what it was due under the broadcast agreement and retained that benefit, along with the money paid to it by Universal McCann for those advertising spots, *id.* ¶ 8, and that defendant's retention of the benefit of the agreement and the payment from Universal McCann would be unjust. *Id.*; *see also News World*, 878 A.2d at 1223 ("[T]he defendant was unjustly enriched when the services were rendered and when payment was refused."), citing *Zic v. Italian Gov't Travel Office*, 149 F. Supp. 2d 473, 476 (N.D. Ill. 2001). As with Count I, defendant has entirely failed to oppose plaintiff's unjust enrichment claim in Count II, and it has failed to show that a genuine dispute of material fact exists as to any of the required elements. *See* LCvR 7(h)(1). Thus, the Court finds that defendant has conceded Count II, and that plaintiff is entitled to summary judgment.

### III.  Plaintiff is entitled to prejudgment interest.

Finally, the Court finds that plaintiff is entitled to prejudgment interest on the $437,558.75 that plaintiff is owed by defendant under the broadcast agreement.

D.C. Code § 15-108 provides:

> In an action in the United States District Court for the District of Columbia . . . to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

D.C. Code § 15-108.

First, the Court finds that the debt in this case is liquidated.  "For a debt to be 'liquidated,' it must be 'an easily ascertainable sum certain.'"  *Am. Nat'l Red Cross v. Vinton Roofing Co.*, 697 F. Supp. 2d 71, 74 (D.D.C. 2010), quoting *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 731 (D.C. 2003).  Here, $437,558.75 is an "easily ascertainable sum certain" because there is no dispute that plaintiff is entitled to that amount under the broadcast agreement.  Thus, the $437,558.75 is a liquidated debt subject to the prejudgment interest provision.  "The interest rate" on such a debt, "unless fixed by contract, is 6% per annum."  *Id.*, citing D.C. Code § 28-3302.

Defendant does not appear to dispute that the debt in this case is liquidated.  Rather, it argues that plaintiff has failed to show that "prejudgment interest is payable by contract, law, or usage," because "[t]his case does *not* involve an overpayment or loan," and plaintiff "offers no evidence that the payment of prejudgment interest would customarily be paid in its industry."  Def.'s Opp. at 7–9.

"[A] court must conduct a separate analysis of each of the three statutory bases – 'contract,' 'law,' and 'usage' – for awarding pre-judgment interest."  *Bragdon v. Twenty-Five Twelve Assocs. Ltd. P'ship*, 856 A.2d 1165, 1171 (D.C. 2004), quoting *Nolen v. District of Columbia*, 726 A.2d

9

182, 185 (D.C. 1999). While plaintiff concedes that the broadcast agreement "does not specify an interest rate for late payment," Pl.'s Mem. at 5, it argues that it is owed prejudgment interest based on custom and usage. Pl.'s Reply at 2–3. The Court agrees.

The term "usage" in D.C. Code § 15-108 "refers to what is customary or usual under similar or comparable circumstances." *Riggs Nat'l Bank of Wash. v. District of Columbia*, 581 A.2d 1229, 1255 (D.C. 1990). And as the D.C. Court of Appeals has observed, "'it is indeed customary to pay interest on funds that are withheld and not paid when due' and . . . '[p]rejudgment interest is an element of complete compensation.'" *Bragdon*, 856 A.2d at 1172, quoting *Bassin*, 828 A.2d at 731–32. Where, as here, "the plaintiff has lost use of his money, 'a denial of pre-judgment interest would deny full compensation to the [plaintiff] while allowing the recalcitrant party to take advantage of his own wrong and become the richer for it.'" *Id.* at 1171, quoting *Celtech, Inc. v. Broumand*, 584 A.2d 1257, 1260 n.7 (D.C. 1991). Thus, "[t]he court usually should award such 'delay damages' in such cases 'absent some justification for withholding such an award.'" *Fed. Mktg. Co. v. Va. Impression Prods. Co.*, 823 A.2d 513, 532 (D.C. 2003), quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

In light of that case law and the D.C. Court of Appeals' command that the prejudgment interest statute "should be generously construed so that the wronged party can be made whole," *Riggs*, 581 A.2d at 1255, the Court finds that plaintiff is entitled to prejudgment interest on the amount due under the broadcast agreement based on custom and usage, at a rate of 6% per annum.

## CONCLUSION

The Court finds that D.C. Code § 29-105.02(b) does not deprive it of subject matter jurisdiction over this dispute, and that defendant is not entitled to jurisdictional discovery under Rule 56(d). And since defendant has failed to show a genuine dispute of material fact as to

plaintiff's breach of contract and unjust enrichment claims, and the Court concludes that plaintiff is entitled to prejudgment interest, it will grant plaintiff's motion for summary judgment.

A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: October 7, 2015